[694 NYS2d 127]

In the Matter of ROBERT J. PONZINI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 16, 1999

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Gentile & Benjamin,* New York City (*Michael A. Gentile* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing 14 charges of professional misconduct against him. After a joint hearing with Robert W. Spencer and Thomas W. Maroney (*see, Matter of Maroney,* 259 AD2d 206 [decided herewith]; *Matter of Spencer,* 259 AD2d 218 [decided herewith]), Special Referee Becker sustained all 14 charges. The Grievance Committee now moves for an order confirming the Special Referee's report and imposing such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves for an order disaffirming the Special Referee's report insofar as it sustained the 14 charges, affirming those findings of the Special Referee which concluded that the respondent had not acted in any way with venality and which recognized the respondent's excellent character and reputation, and imposing a sanction no more severe than a public censure.

Charge One alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in his firm's attorney escrow account to fall below 0.

Beginning on or before October 14, 1982 until approximately June 30, 1992, the respondent was an authorized signatory on a general client's Citibank escrow account, captioned as a "Special Account" in the name of "Walsh, Maroney, & Ponzini, Esqs." and/or "Maroney, Ponzini, & Spencer, Esqs." From about January 4, 1988 through January 10, 1988, the balance in the subject account fell below 0, as reflected in the bank statement for the period ending January 12, 1988. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Two alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of his attorney escrow account and causing or failing to prevent the deposit of funds held on behalf of others, when a negative balance existed in the account.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance. At all pertinent times, the respondent knew or should have known that a negative balance in the escrow account would consume and/or convert part or all of any deposits made to the account, thereby leaving an insufficient balance in the account.

Charge Three alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in the escrow account to fall below 0.

From January 19, 1988 through approximately March 10, 1988, the balance in the escrow account fell below 0, as reflected on bank statements. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Four alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of the attorney escrow account and causing or failing to prevent the deposit therein of funds held on behalf of others, at a time when a negative balance existed.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance in the escrow account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made to the account, leaving an insufficient balance in the account.

Charge Five alleged that the respondent engaged in conduct [involving conduct] that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in the escrow account to fall below 0.

On April 10, 1989, the balance in the escrow account fell below 0, as reflected on that month's bank statement. At all times, the respondent knew or should have known that a negative balance existed.

Charge Six alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of the attorney escrow account and causing or failing to prevent the deposit of funds held on behalf of others, at a time when a negative balance existed.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which were wholly consumed and/or converted by virtue of the negative balance in the account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made to the account, thereby leaving an insufficient balance in the account.

Charge Seven alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that reflects adversely upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in the attorney escrow account to fall below 0.

From June 1, 1990 through June 5, 1990, the balance in the escrow account fell below 0 as reflected on that account's bank statement for the period ending June 11, 1990. At all pertinent times, the respondent knew or should have known that a negative balance existed in the escrow account.

Charge Eight alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of his attorney escrow account and causing or failing to prevent the deposit of funds held on behalf of others, at a time when a negative balance existed.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made into the account, thereby leaving an insufficient balance in the account.

Charge Nine alleged that the respondent converted funds entrusted to him and/or engaged in conduct which adversely

reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in the escrow account to fall below 0.

From September 19, 1990 through September 20, 1990, the balance in the escrow account fell below 0, as reflected on that month's bank statement. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Ten alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of the escrow account and causing or failing to prevent the deposit of funds held on behalf of others, at a time when a negative balance existed.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which were wholly consumed and/or converted by virtue of the negative balance. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made into the account, thereby leaving an insufficient balance in the account.

Charge Eleven alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to prevent a shortage in excess of $14,000 in the escrow account or to discover the existence of the shortage for over five years.

On or about December 17, 1982, the respondent's partner, Thomas W. Maroney, handled two real estate closings for Susan Birnbaum, a legal secretary then in their firm's employment. The respondent admitted under oath that a 1988 audit of the accounts maintained by "Walsh, Maroney, Ponzini" and its successor "Walsh, Maroney, Ponzini & Spencer" revealed that approximately $14,263.81 was overpaid to Susan Birnbaum at about the time she received the proceeds due her from the December 1982 closing handled by Maroney. The respondent further admitted that the $14,263.81 shortage in the escrow account was not discovered at any time after December 17, 1982, until it was uncovered by the above mentioned audit. At all pertinent times, the respondent knew or should have known of the shortage.

Charge Thirteen alleged that the respondent improperly withdrew funds from a "Special Account" containing funds of third parties, held in connection with the respondent's practice of law, and/or enjoyed in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (E); DR 1-102 (A) (7) (22 NYCRR 1200.46 [e] 1200.3 [a] [7]), by writing a check from an attorney escrow account payable to cash rather than to a named payee.

On or about August 10, 1988, the respondent issued a check payable to cash on the subject escrow account.*

Charge Fourteen alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that reflects adversely upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by issuing checks on his escrow account at a time when there were insufficient funds on deposit.

On or about December 28, 1987, the respondent signed two checks to the order of "Walsh, Maroney, Ponzini, & Spencer" and one to the order of "Mary A. Hill," all regarding a client matter for Mary A. Hill. The three checks, which totalled $10,000, cleared the escrow account on January 8, 1988 and changed the balance in the account from $-16,366.26 to $-26,366.26. No offsetting deposit was made for that account until January 11, 1988. At all pertinent times, the respondent knew or should have known that the escrow account contained insufficient funds on behalf of the Hill matter for the issuance of such checks.

Based on the evidence adduced, including the respondent's admissions and the stipulation executed at the hearing on December 11, 1997, in which the respondent admitted the existence of the negative balances, the Special Referee properly sustained Charges One through Eleven, Thirteen, and Fourteen. Accordingly, the Grievance Committee's motion is granted to the extent that Charges One through Eleven, Thirteen, and Fourteen are sustained. The respondent's cross motion is granted to the extent that Charge Twelve is not sustained. The motion and cross motion are otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his impres-

* Pursuant to a stipulation executed December 11, 1997, the check was in the amount of $60.

sive character references, his outstanding reputation for honesty and integrity, his record of community service, including his tenure as an elected Town Judge of the Town of Mount Pleasant, and the absence of any element of venality. The respondent points out his efforts to improve the firm's accounting practices. While he believes that the partners acted reasonably and prudently under the circumstances, he acknowledged that more could have been done and that he had a responsibility as a partner for what happened. However, he could not envision any other way in which the problems revealed by the audit could have been handled.

The Grievance Committee advises that respondent was issued a Letter of Caution, dated June 5, 1996, for engaging in a conflict of interest.

Notwithstanding the absence of venality and the mitigation advanced by the respondent, the multiple breaches by the respondent and his partners of their fiduciary duty to ensure the integrity of the clients' funds on deposit in the firm's escrow account and his long-standing disregard of appropriate escrow precautions warrant his disbarment.

MANGANO, P. J., BRACKEN, O'BRIEN, SANTUCCI and THOMPSON, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that Charges One through Eleven, Thirteen, and Fourteen are sustained and is denied to the extent that Charge Twelve is not sustained; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charge Twelve is not sustained and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert J. Ponzini, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert J. Ponzini is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to an-

other an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law. [*See,* 268 AD2d —, Jan. 18, 2000.]