[694 NYS2d 431]

In the Matter of THOMAS W. MARONEY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 16, 1999

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Thomas W. Maroney,* Asheville, North Carolina, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing 13 charges of professional misconduct against him. After a joint hearing with Robert J. Ponzini and Robert W. Spencer (*see, Matter of Ponzini,* 259 AD2d 142 [decided herewith]; *Matter of Spencer,* 259 AD2d 218 [decided herewith]), Special Referee Jerome M. Becker sustained all 13 charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems warranted. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge One alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in his firm's attorney escrow account to fall below 0.

From approximately October 14, 1982 until approximately June 30, 1992, the respondent was an authorized signatory on a general client's escrow account at Citibank, captioned as a "Special Account" in the name of "Walsh, Maroney & Ponzini, Esqs." and/or "Maroney, Ponzini, & Spencer, Esqs.". From approximately January 4, 1988 through January 10, 1988, the balance in that escrow account fell below 0, as reflected on the bank statement for the period ending January 12, 1988. At all pertinent times, the respondent knew or should have known that a negative balance existed in that account.

Charge Two alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of the escrow account and causing or failing to prevent the deposit of funds held on behalf of other persons when the account had a negative balance.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance in the account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow ac-

count would consume and/or convert part or all of any deposits made to the account, leaving an insufficient balance in the account.

Charge Three alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in the escrow account to fall below 0.

From January 19, 1988 and until approximately March 10, 1988, the balance in the escrow account fell below 0, as reflected on bank statements. At all pertinent times, the respondent knew or should have known that a negative balance existed in the escrow account.

Charge Four alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of the firm's attorney escrow account and causing or failing to prevent the deposit therein of funds held on behalf of other persons when a negative balance existed.

During the aforesaid period, the respondent knew or should have known that a negative balance in the escrow account would consume and/or convert part or all of any deposits made to the account, leaving an insufficient balance.

Charge Five alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in the attorney escrow account to fall below 0.

On April 10, 1989, the balance in the escrow account fell below 0, as reflected on the bank statement. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Six alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of the attorney escrow account and causing or failing to prevent the deposit of funds held on behalf of others at a time when a negative balance existed.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to

the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance in the account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made to the account leaving an insufficient balance in the account.

Charge Seven alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in the attorney escrow account to fall below 0.

From June 1, 1990 through June 5, 1990, the balance in the escrow account fell below 0, as reflected on the bank statement. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Eight alleged that the respondent engaged in conduct that reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of the escrow account and causing or failing to prevent the deposit of funds held on behalf of others, at a time when a negative balance existed in the account.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, on behalf of others which funds were wholly consumed and/or converted by virtue of the negative balance in the account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made to the account, leaving an insufficient balance in the account.

Charge Nine alleged that the respondent converted funds entrusted to him and/or engaging in conduct which adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in the escrow account to fall below 0.

From September 19, 1990 through September 20, 1990, the balance in the escrow account fell below 0, as reflected on the bank statement. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Ten alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of his attorney escrow account and causing or failing to prevent the deposit therein of funds held on behalf of others, when a negative balance existed in the account.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made to the account, leaving an insufficient balance in the account.

Charge Eleven alleged that the respondent engaged in conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by disbursing over $14,000 from his attorney escrow account, for which no prior offsetting deposit had been made, in connection with two real estate title closings.

In December 1982, the respondent handled two real estate closings on behalf of Susan Birnbaum, a legal secretary employed by "Walsh, Maroney, & Ponzini," with whom the respondent also had a close personal relationship. The sole deposits made into the escrow account in connection with the Birnbaum closings were two deposits of $47,258.50 and $44,191.72, for a total of $91,450.22, which cleared on or about December 17, 1982. On or about December 17, 1982, the respondent issued four checks from the escrow account in connection with the Birnbaum closings. The four checks totalled $105,464.03. By virtue of those disbursements, the respondent caused the conversion of $14,013.81 from the escrow account.

Charge Twelve alleged that the respondent failed to properly oversee the operations of the attorney escrow account, thereby breaching his fiduciary duty and/or of engaging in conduct that adversely reflects upon his fitness to practice law, in violation Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to discover a shortfall in excess of $14,000 created by him in the escrow account for more than five years after the shortfall occurred.

On December 21, 1982, the respondent's partner issued Birnbaum an escrow check in the amount of $250, in connection

with the Birnbaum closings that the respondent had handled. The respondent failed to discover either the $14,013.81 shortage caused by his overpayment or the additional $250 shortage caused by the aforementioned check, for a total shortage of $14,263.81, for more than five years after the shortfall occurred. At all pertinent times, the respondent knew or should have known that he had disbursed $14,013.81 more to Birnbaum than had been deposited on her behalf into that account.

Based on the evidence adduced, including the respondent's admissions and the stipulation executed on December 17, 1997, in which the respondent admitted virtually all of the factual specifications contained in the petition, we conclude that the Special Referee properly sustained all of the charges with the exception of Charge Thirteen. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent of sustaining Charges One through Twelve and denied to the extent of not sustaining Charge Thirteen.

In determining an appropriate measure of discipline to impose, the Grievance Committee points out that the respondent's prior disciplinary history includes a Letter of Caution, dated June 3, 1993, for failing to respond to a request for an accounting, failing to communicate with a client regarding a scheduled EBT of her husband, and for immediately applying funds towards his clients' legal fees, contrary to the terms of the court order. On July 5, 1994, the respondent was issued an Admonition for violating Code of Professional Responsibility DR 7-102 (A) (1) and (2) (22 NYCRR 1200.33 [a] [1], [2]), in the context of his own protracted matrimonial litigation. Specifically, the Grievance Committee found the respondent to have violated the provisions against filing suit, asserting a position, conducting a defense, delaying a trial, or taking other action on behalf of a client (himself in this case), when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another and from knowingly advancing a claim or defense that is unwarranted under existing law. Upon the respondent's request for reconsideration of the Admonition, the Grievance Committee adhered to its determination. Respondent's request for a subcommittee hearing was withdrawn and then reasserted beyond the 30-day period provided for the review of Admonitions.

Notwithstanding the character witnesses who testified in favor of the respondent as well as the absence of harm to any clients, his claimed lack of venality, and his cooperation with

the Grievance Committee, the respondent has failed to satisfactorily explain his conduct surrounding the Birnbaum closings. The multiple breaches by the respondent and his partners of their fiduciary duty to ensure the integrity of the client's funds on deposit in the firm's escrow account and his long-standing disregard of appropriate escrow precautions warrant his disbarment.

MANGANO, P. J., BRACKEN, O'BRIEN, SANTUCCI and THOMPSON, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that Charges One through Twelve are sustained and is denied to the extent that Charge Thirteen is not sustained; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas W. Maroney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas W. Maroney is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.