[694 NYS2d 426]

In the Matter of ROBERT W. SPENCER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 16, 1999

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Robert A. Ungar, P. C.,* Garden City (*Louis Gerstman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a peti-

tion containing 15 charges of professional misconduct against him. After a joint hearing with Thomas W. Maroney and Robert J. Ponzini (*see, Matter of Maroney,* 259 AD2d 206 [decided herewith]; *Matter of Ponzini,* 259 AD2d 142 [decided herewith]), Special Referee Becker sustained all 15 charges against the respondent. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems warranted. The respondent cross-moves for an order disaffirming the Special Referee's report and imposing such discipline as the Court deems appropriate.

Charge One alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in his firm's attorney escrow account to fall below 0.

From approximately August 1, 1987 through approximately June 30, 1992, the respondent was an authorized signatory on a general client's escrow account, captioned a "Special Account" in the name of "Walsh, Maroney, and Ponzini, Esqs." and/or "Maroney, Ponzini, and Spencer, Esqs." at Citibank. Beginning on January 4, 1988 through approximately January 10, 1988, that account had a negative balance, as reflected on the bank statement for the period ending January 12, 1988. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Two alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of his attorney escrow account and causing or failing to prevent the deposit of funds held on behalf of others, at a time when a negative balance existed in the account.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance in the account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made to the account, thereby leaving an insufficient balance of funds in the account.

Charge Three alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct

that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in his escrow account to fall below 0.

From January 19, 1988 until approximately March 10, 1988, the balance in the escrow account fell below 0 as reflected on bank statements. At all pertinent times, the respondent knew or should have known that a negative balance existed in the subject account.

Charge Four alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of his attorney escrow account and causing or failing to prevent the deposit of funds held on behalf of others, at a time when a negative balance existed.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance in the account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made to the account, thereby leaving an insufficient balance of funds in the account.

Charge Five alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in his attorney escrow account to fall below 0.

On April 10, 1989, the balance in the respondent's escrow account fell below 0, as reflected on that month's bank balance. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Six alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of his escrow account and causing or failing to prevent the deposit of funds held on behalf of other persons, at a time when a negative balance existed in the account.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to

the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance. At all pertinent times, the respondent knew or should have known that a negative balance would consume and/or convert part or all of any deposits made to the account, thereby leaving an insufficient balance in the account.

Charge Seven alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in his attorney escrow account to fall below 0.

From June 1, 1990 through June 5, 1990, the balance in the escrow account fell below 0, as reflected on the bank statement. At all times, the respondent knew or should have known that a negative balance existed in the account.

Charge Eight alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of his attorney escrow account and causing or failing to prevent the deposit therein of funds held on behalf of other persons at a time when a negative balance existed in the account.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance in the account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits made to the account, thereby leaving an insufficient balance in the account.

Charge Nine alleged that the respondent converted funds entrusted to him and/or engaged in conduct which adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by allowing the balance in his attorney escrow account to fall below 0.

From September 19, 1990 through September 20, 1990, the balance in the account fell below 0, as reflected on the bank statement. At all pertinent times, the respondent knew or should have known that a negative balance existed.

Charge Ten alleged that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in viola-

tion of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by failing to oversee the record keeping of his attorney escrow account and causing or failing to prevent the deposit of funds held on behalf of others, at a time when a negative balance existed.

During the subject period, there were deposits into the escrow account of funds of third parties received incident to the respondent's practice of law, which funds were wholly consumed and/or converted by virtue of the negative balance in the account. At all pertinent times, the respondent knew or should have known that a negative balance in an escrow account would consume and/or convert part or all of any deposits into the account, thereby leaving an insufficient balance in the account.

Charge Twelve alleged that the respondent improperly withdrew funds from a Special Account, containing funds of third parties held incident to the respondent's practice of law, and/or conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (E) and DR 1-102 (A) (7) (22 NYCRR 1200.46 [e]; 1200.3 [a] [7]), by writing a check drawn on an attorney escrow account, payable to cash rather than to a named payee.

On or about June 1, 1990, the respondent issued a check in the sum of $25 payable to cash from the escrow account.

Charge Thirteen alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that reflects adversely upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by issuing checks on his attorney escrow account at a time when there were insufficient funds on deposit.

On August 9, 1990, two checks dated August 8, 1990, and signed by the respondent, cleared the escrow account in connection with the Corona client matter. The first check was in the amount of $2,100, payable to the order of Maroney, Ponzini & Spencer. The second check was in the amount of $12,913, payable to the order of the clients Fernando and Relma Corona.

The respondent's account did not contain any funds deposited on behalf of the Coronas until August 10, 1990, when a deposit of $15,114.98 was made. At all pertinent times, the respondent knew or should have known the escrow account contained insufficient funds on behalf of the Coronas for the issuance of the two checks.

Charge Fourteen alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that reflects adversely upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by issuing checks on his attorney escrow account at a time when there were insufficient funds on deposit.

On May 22, 1989, an $18,000 deposit was made into the respondent's escrow account in connection with the Nixon client matter. On or about May 31, 1989, the respondent signed seven checks, totalling $18,556.37, in connection with the Nixon matter. Those seven checks cleared between June 1, 1989 and June 12, 1989. Other than the $18,000 deposit, no deposits were made into the escrow account in connection with the Nixon matter until November 2, 1989. Although the seven checks resulted in the conversion of $556.37 from the respondent's escrow account, the situation was not corrected until November 2, 1989 when $556.37 was credited to that account on behalf of the Nixon matter. At all pertinent times, the respondent knew or should have known that the escrow account contained insufficient funds on behalf of the Nixon matter for the issuance of these checks.

Charge Fifteen alleged that the respondent engaged in conduct involving conversion, breach of fiduciary duty, and/or conduct that reflects adversely upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), by issuing checks on his attorney escrow account at a time when there were insufficient funds on deposit.

On November 23, 1988, $4,050 was debited from the escrow account by the clearance of a $2,600 certified check payable to the order of FBCC, Inc. and a check in the amount of $1,450, signed by the respondent and payable to the order of Walsh, Maroney, & Ponzini. These checks were in connection with the Fitzgerald and Gionta client matter.

The respondent's escrow account did not contain any funds on behalf of the Fitzgerald and Gionta matter on November 23, 1988, or at any time thereafter until November 28, 1988, when a $4,050 deposit was made into the account for that matter. At all pertinent times, the respondent knew or should have known that the escrow account contained insufficient funds on behalf of the Fitzgerald and Gionta client matter for the issuance of the aforementioned checks.

Based on the evidence adduced, including the respondent's admissions and the stipulation, dated December 11, 1997, in

which the respondent conceded that there were negative balances in the escrow account at the times specified in Charges One through Ten, we conclude that the Special Referee properly sustained all charges with the exception of Charge Eleven. Accordingly, the Grievance Committee's motion to confirm is granted to the extent that Charges One through Ten, and Twelve through Fifteen are sustained, and the respondent's cross motion is granted to the extent that Charge Eleven is not sustained. The cross motion and motion are otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his character references and his significant record of community service, as well as his total lack of venality and the efforts he initiated to procure the audit of the firm's escrow account which revealed the poor record keeping and which led to the initiation of changes in the firm's method of monitoring its escrow account. According to the respondent, the system used to monitor the escrow account by having a managing partner oversee an accountant and paralegal staff was not negligent. Furthermore, the intervening incompetence of others should not be fairly attributable to the respondent retroactively.

The Grievance Committee advises that the respondent's prior disciplinary history is not totally unblemished. On June 1, 1994, he was issued a Letter of Admonition for failing to segregate escrow funds in a properly designated account. On June 5, 1996, the Grievance Committee issued the respondent a Letter of Caution for neglect of a legal matter entrusted to him and engaging in a conflict of interest.

Notwithstanding the absence of venality and the mitigation advanced by the respondent, the multiple breaches by the respondent and his partners of their fiduciary duty to ensure the integrity of clients' funds on deposit in the firm's escrow account and his long-standing disregard of appropriate escrow precautions warrant his disbarment.

MANGANO, P. J., BRACKEN, O'BRIEN, SANTUCCI and THOMPSON, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that Charges One through Ten, Twelve, Thirteen, Fourteen, and Fifteen are sustained and is denied to the extent that Charge Eleven is not sustained; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charge Eleven is not sustained and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert W. Spencer, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Robert W. Spencer is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law. [*See,* 268 AD2d —, Jan. 18, 2000.]