■ In the Matter of ROBERT W. SPENCER, a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner. [— NYS2d —] —Motion by the respondent for reargument of a proceeding to discipline him for professional misconduct which was determined by opinion and order of this Court, dated August 16, 1999, disbarring him based on 14 sustained charges of professional misconduct, including conversion, breach of fiduciary duty, allowing the balance in his attorney escrow account to fall below zero, and failing to oversee the record keeping of the firm's attorney escrow account and causing or failing to prevent the deposit of funds held on behalf of others at a time when a negative balance existed in the account, or, in the alternative, for leave to appeal to the Court of Appeals. The respondent was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the First Judicial Department on July 1, 1963.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for reargument is granted, and, upon reargument, the third and fifth decretal paragraphs of this Court's opinion and order, dated August 16, 1999 (259 AD2d 218), are vacated, and the following decretal paragraphs are substituted therefor:

"Ordered that the respondent, Robert W. Spencer, is suspended from the practice of law for a period of one year, commencing August 16, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

"Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert W. Spencer, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law"; and it is further,

Ordered that the motion is otherwise denied.

The granting of leave to reargue in this case is predicated upon the respondent's expressed remorse, the absence of any personal benefit to the respondent from any of the irregularities in the account, the absence of monetary loss to any clients, the respondent's implementation of new escrow procedures, the role of the respondent in reporting the theft of a now-former partner to the Grievance Committee, and the firm's prior arrangement with its bank to cover overdrafts in its escrow account, thereby removing the early warning signs of financial disorder. Under the peculiar circumstances of this case, the imposition of a disbarment was excessive discipline. Mangano, P. J., Bracken, O'Brien, Santucci and Thompson, JJ., concur.