In the Matter of MICHAEL T. DAHOWSKI (Admitted as MICHAEL THOMAS DAHOWSKI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 24, 1984

**APPEARANCES OF COUNSEL**

*Gary L. Casella* for petitioner.

*Peter L. Maroulis* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The respondent was admitted to practice by this court on March 31, 1954 under the name of Michael Thomas Dahowski. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm in part and disaffirm in part the report of the special referee. Respondent cross-moves to confirm in part and disaffirm in part the special referee's report.

The special referee sustained two charges of professional misconduct, in that respondent failed to oversee or review the record keeping of his law firm, thereby contributing to the conversion by respondent's law partner of funds entrusted to the law firm (see *Matter of Grandeau,* 88 AD2d

628), and respondent failed to maintain a ledger book or similar record in violation of the rules of this court. Two other charges were not sustained by the special referee and one additional charge was withdrawn by petitioner.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the special referee. Respondent is guilty of the misconduct alleged above. Petitioner's motion is granted insofar as it seeks to confirm the report of the special referee and is otherwise denied and respondent's cross motion is denied to the extent that it seeks to disaffirm said report and is otherwise granted.

In determining an appropriate measure of discipline to be imposed, we are mindful of respondent's cooperation with the Grievance Committee's investigation and throughout these proceedings as well as his attempt to reimburse clients for his partner's conversions. It should be noted that other than the misconduct set forth herein, respondent was in no way responsible for the conversions. Accordingly, the respondent should be, and hereby is, censured for his professional misconduct.

MOLLEN, P. J., TITONE, GIBBONS, O'CONNOR and EIBER, JJ., concur.