*674 OPINION OF THE COURT
Harold J. Hughes, J.
The issue before the court is whether the Clients’ Security Fund of the State of New York (Fund) can recover in a subrogation suit for payments made by the Fund to clients of a partnership against the partner of a dishonest attorney.
The Fund was created by Laws of 1981 (ch 714) and its purpose "is to promote public confidence in the administration of justice and the integrity of the legal profession by reimbursing losses caused by the dishonest conduct of attorneys admitted and licensed to practice law in the courts of New York State” (22 NYCRR 7200.1). The Fund is administered by a seven-member Board of Trustees (Board) appointed by the Judges of the Court of Appeals, and receives the bulk of its funds from an annual registration fee imposed upon all, except retired, lawyers (Judiciary Law § 468-a). The Board may only pay for "losses caused by the dishonest conduct of attorneys admitted to practice in this state”, and the statute defines "dishonest conduct” to "mean misappropriation or willful misapplication of clients’ money, securities, or other property, by an attorney admitted to practice in this state” (State Finance Law § 97-t [4]). As a condition for reimbursing a claimant, the Board can require that he assign his claim "against the attorney whose dishonest conduct resulted in the claim” (State Finance Law § 97-t [6]).
For a number of years prior to April of 1982, Barry J. Grandeau and Michael T. Dahowski were partners conducting a law practice in Poughkeepsie. During that time Barry Grandeau misappropriated money belonging to the partnership’s clients. 496 clients of the partnership have filed claims with the Fund and the Board has made awards totaling $589,829 to 373 of the claimants. The Board has commenced this action for restitution against Grandeau and Dahowski upon three causes of action: (1) negligence; (2) breach of fiduciary duty; and (3) breach of contract. Grandeau is in default, disbarred, bankrupt, and incarcerated (the debt incurred by an attorney as the result of fraudulent misappropriation of clients’ funds is not dischargeable in bankruptcy [11 USC § 523 (a) (4)]). Disciplinary proceedings were instituted against Michael T. Dahowski, and the Special Referee sustained two charges and dismissed two others. After review, the Second Department sustained those findings, censured Dahowski, and stated:
*675 "The special referee sustained two charges of professional misconduct, in that respondent failed to oversee or review the record keeping of his law firm, thereby contributing to the conversion by respondent’s law partner of funds entrusted to the law firm * * * and respondent failed to maintain a ledger book or similar record in violation of the rules of this court * * *
"In determining an appropriate measure of discipline to be imposed, we are mindful of respondent’s cooperation with the Grievance Committee’s investigation and throughout these proceedings as well as his attempt to reimburse clients for his partner’s conversions. It should be noted that other than the misconduct set forth herein, respondent was in no way responsible for the conversions” (Matter of Dahowski, 103 AD2d 354, 355).
In other words, the Appellate Division determined that Mr. Dahowski was negligent in not discovering that his partner was converting their clients’ funds, but otherwise he was in no way responsible for the conversions. He was a dupe, but not a defalcator. The plaintiff does not contest the factual findings made in Matter of Dahowski (supra). It does contend that under its enabling legislation, it can recover against the partner of a dishonest lawyer for failing to discover an embezzlement scheme. The court disagrees.
The entire thrust of State Finance Law § 97-t is that the Board can only make payments for "losses caused by the dishonest conduct of attorneys” (State Finance Law § 97-t [4]), and may only make subrogation "claims against the attorney whose dishonest conduct resulted in the claim” (State Finance Law § 97-t [6]). The enabling statute specifically defines dishonest conduct to mean "misappropriation or willful misapplication of clients’ money, securities, or other property, by an attorney admitted to practice in this state” (State Finance Law § 97-t [4]). There is no evidence in the record that Mr. Dahowski has misappropriated or willfully misapplied clients’ money. All that he is guilty of is failing to discover the misappropriation and willful misapplication committed by his partner. The statutory definition of "dishonest conduct” does not encompass a negligent failure to discover wrongdoing by a law partner. Consequently, since Mr. Dahowski never engaged in dishonest conduct as defined in the statute, the Board could never have legally paid any losses caused by him. Likewise, since he never engaged in dishonest conduct that resulted in *676 any claim filed against the Fund, there is no basis for the Board to pursue a subrogation action against him. Under the clear language of State Finance Law § 97-t, the plaintiff does not have a viable statutory subrogation cause of action against defendant Michael T. Dahowski (see generally, 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 27).
Aside from its rights under the statute, plaintiff contends that it has a viable common-law subrogation cause of action. An examination of the essential elements of common-law or "legal” subrogation establishes the lack of merit of plaintiff’s claim. The first element of common-law subrogation is that "a party must have made a payment * * * to discharge another’s obligation” (id., § 28, at 45). The Board is a creature of statute and can only make such payment out of the Fund as the Legislature has authorized. It is only authorized to make payments for losses caused by the dishonest conduct of attorneys. As discussed above, Mr. Dahowski’s part in the conversion perpetrated on his firm’s clients did not arise to the level of dishonest conduct as defined in State Finance Law § 97-t. Consequently, the Board was not authorized to make any payment on Mr. Dahowski’s behalf to his former clients. If the Board did so, its conduct was ultra vires. Not having made any payments to discharge Mr. Dahowski’s obligations, the Board has no common-law subrogation cause of action.
The complaint submitted by the plaintiff evinces a fundamental misapprehension of its statutory role and powers. The three causes of action are framed in the language of simple negligence, breach of fiduciary duty, and breach of contract. While a former client of the defendants may be able to recover upon such causes of action, the Board cannot. The Board can only recover when the negligence, breach of fiduciary duty, or breach of contract rises to the level of dishonest conduct, and it has made a payment out of the Fund to reimburse a client injured by that dishonest conduct. Not all acts of negligence or breaches of contract or fiduciary duty are dishonest.
The motion of the defendant Michael T. Dahowski for an order granting him summary judgment dismissing the complaint as against him for lack of merit will be granted, and the cross motion of the plaintiff for summary judgment against defendant Michael T. Dahowski will be denied, all without costs.