In the Matter of J. EDWARD CARDOSO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 27, 1989

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*Andrew W. Szczesniak* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained charges of professional misconduct.

Charge one alleged that the respondent converted funds entrusted to him and his law partner, as escrow agents. In December 1984 the respondent and his partner opened a checking account for use as their escrow account. Four escrow deposits were made to that account between July and September 1985 totaling $61,000. None of the escrow obligations having been satisfied, there should have been $61,000 in that account, but on September 19, 1985, the balance fell to $60,844.34.

The Special Referee found that on October 29, 1985, the respondent appropriately drew a check in the amount of $15,000, representing the release of one of the escrow obligations. After the withdrawal of these funds, a balance of $46,000 was required to be held in escrow, but the balance in that account fell to $42,529.39. On November 1, 1985, the respondent's partner deposited two escrow checks in the amount of $20,000 and $8,500, respectively, into the account. On November 19, 1985, the respondent's partner drew a check payable to himself in the amount of $28,500 and deposited it into his personal bank account. At this time, there should have been $74,500 in that account, but the actual balance was $43,156.39. Additional deposits and appropriate disbursements were made from November 1985 through March 1986 at which later date there should have been $28,500 in the account, but the actual balance was $228.29.

Charge two alleged that the respondent failed to oversee the records maintained by his law firm for the escrow account. As a result, funds from the escrow account were improperly comingled with his partner's personal funds.

The Special Referee noted that on June 18, 1985, the respondent's partner deposited his personal funds into the law firm's escrow account and thereafter drew checks on the escrow account for purposes unrelated to his fiduciary responsibilities. These checks included, among others, a check in the amount of $2,500 payable to cash and the aforementioned check for $28,500 which was deposited in his partner's personal bank account.

The record discloses that the respondent discovered an irregularity in the escrow account in 1985, after his partner wrote a check for $2,500 to his brother from that account. The respondent questioned his partner and then found other irregularities in the escrow account record book. As a result, the respondent dissolved the partnership and notified the petitioner Grievance Committee of the possible defalcations. The respondent apparently left the handling of the escrow account to his partner because the partner handled real estate work which entailed use of the escrow account and the respondent basically handled the criminal cases. There is no question that the respondent failed to review the financial and bookkeeping records of the law firm until he discovered the irregularity in 1985.

The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the report.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of both charges of professional misconduct. As to the first charge, the respondent is guilty because as a partner in the law firm, he had a responsibility to oversee his partner's handling of the escrow account. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's motion to disaffirm the report is denied.

In determining an appropriate measure of discipline to be imposed, we are mindful of the respondent's bringing this matter to the attention of the Grievance Committee, his cooperation throughout these proceedings, and the fact that he did not knowingly participate in any of the conversions or commingling. Accordingly, the respondent is censured for his professional misconduct.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent J. Edward Cardoso is hereby censured for his professional misconduct.