[612 NYS2d 446]

In the Matter of J. EDWARD CARDOSO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 31, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*J. Edward Cardoso,* Jamaica, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 13 allegations of professional misconduct, two of which were completely withdrawn and one of which was partially withdrawn by the petitioner. The Special Referee sustained Charges One through Eight, as amended, Charges Ten, and Twelve as amended, and Charge Thirteen. The Grievance Committee moved to confirm the report of the Special Referee. The respondent has neither cross-moved to disaffirm the Special Referee's report nor asserted any position with respect thereto.

Charge One alleged that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct. The petitioner received a complaint on or about July 30, 1990, alleging professional misconduct by the respondent. By letter dated August 3, 1990, the petitioner enclosed a copy of the complaint and directed the respondent to submit a written answer to the complaint within 10 days of his receipt of the complaint. Upon the respondent's failure to submit a written answer, the petitioner sent a certified letter, dated September 4, 1990, again directing the respondent to answer within 10 days. The respondent still failed to answer.

Charge Two alleged that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct. The petitioner received a complaint, on or about October 5, 1990, alleging professional misconduct by the respondent. By letter dated October 9, 1990, the petitioner directed the respondent to submit a written answer to that complaint within 10 days. Upon the respondent's failure to submit a written answer, the petitioner sent a certified letter, dated November 1, 1990, again directing the respondent to answer within 10 days. The respondent still failed to answer.

Charge Three alleged that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct. The petitioner received a complaint on or about October 9, 1990, alleging professional misconduct by the respondent. By letter dated October 12, 1990, the petitioner directed the respondent to submit a

written answer to that complaint within 10 days of his receipt thereof. Upon the respondent's failure to submit a written answer, the petitioner sent a certified letter, dated November 5, 1990, again directing the respondent to submit a written answer within 10 days. The respondent still failed to answer.

Charge Four alleged that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct. The petitioner received a complaint from Donald O. Weinberger, Administrator of the Assigned Counsel Plan for the Second and Eleventh Judicial Districts, on or about November 21, 1990, alleging professional misconduct by the respondent. By letter dated November 27, 1990, the petitioner directed the respondent to submit a written answer to the Weinberger complaint within 10 days. Upon the respondent's failure to submit a written answer, the petitioner sent a certified letter, dated December 26, 1990, again directing the respondent to submit a written answer within 10 days. The respondent still failed to answer.

Charge Five alleged that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct. On or about November 30, 1990, the petitioner received a complaint alleging professional misconduct by the respondent. By letter dated December 5, 1990, the petitioner directed the respondent to submit a written answer to that complaint within 10 days. Upon the respondent's failure to submit a written answer, the petitioner sent a certified letter, dated December 26, 1990, again directing the respondent to submit an answer. The respondent still failed to answer.

Charge Six alleged that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct. On or about July 16, 1991, the petitioner received a complaint alleging professional misconduct by the respondent. By letter dated July 25, 1991, the petitioner directed the respondent to submit a written answer to that complaint within 10 days. Upon the respondent's failure to submit a written answer, the petitioner sent the respondent a certified letter, dated October 22, 1991, directing the respondent to answer within 10 days. The respondent still failed to answer.

Charge Seven alleged that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct. On or about August 5, 1991,

the petitioner received a complaint alleging professional misconduct by the respondent. By letter dated September 19, 1991, the petitioner directed the respondent to submit a written answer to that complaint within 10 days. Upon the respondent's failure to submit a written answer, the petitioner sent a certified letter, dated October 22, 1991, directing the respondent to submit an answer. The respondent still failed to answer.

Charge Eight alleged that the respondent failed to cooperate with a legitimate investigation by the petitioner into his alleged professional misconduct. On March 25, 1991, the respondent was examined under oath at the petitioner's office with respect to numerous complaints of professional misconduct pending against him. The petitioner directed the respondent to produce at the Grievance Committee's office, no later than April 8, 1991, documents in the respondent's possession relating to these complaints. The respondent had failed to bring these documents to his investigative appearance. The respondent failed to submit any of the requested documents by April 8, 1991. By certified letter, dated April 22, 1991, the petitioner directed the respondent to submit the subject documents within 10 days. The respondent still failed to comply.

Charge Ten alleged that the respondent failed to keep a client adequately informed of the status of a legal matter. In or about September 1989, the respondent was retained to represent a defendant on an appeal of his judgment of conviction. Between February and November 1990 both the person who retained the respondent and the defendant wrote numerous letters and made numerous telephone calls to the respondent's office for information on the status of this matter. The respondent failed to answer their letters, return their telephone calls or take any steps to keep them informed of the status of this matter.

Charge Twelve alleged that the respondent, after being assigned by the Assigned Counsel Plan for the Second and Eleventh Judicial Districts to represent indigent clients in criminal cases, engaged in a pattern of neglect of those legal matters entrusted to him.

On or about February 27, 1990, the respondent was assigned to represent a client in Supreme Court, Queens County, under indictment No. 4250/89. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about April 24, 1989, the respondent was assigned to

represent another client in Supreme Court, Queens County, under indictment No. 1687/89. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about March 1, 1990, the respondent was assigned to represent another client in Supreme Court, Queens County, under indictment No. 225/90. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about February 21, 1990, the respondent was assigned to represent another client in Criminal Court, Queens County, under docket No. 90Q006318. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about March 6, 1990, the respondent was assigned to represent another client in Criminal Court, Queens County, under docket No. 90Q006243. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about May 4, 1990, the respondent was assigned to represent another client in Criminal Court, Queens County, under docket No. 90Q016087. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about May 4, 1990, the respondent was assigned to represent another client in Criminal Court, Queens County, under docket No. 90Q016079. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about February 8, 1990, the respondent was assigned to represent another client in Supreme Court, Queens County, under indictment No. 6556/89. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about April 3, 1990, the respondent was assigned to represent another client in Criminal Court, Queens County, under docket No. 90Q012095. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about January 11, 1989, the respondent was assigned to represent another client in Supreme Court, Queens County, under indictment No. 5353/88. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about March 22, 1990, the respondent was assigned to represent another client in Supreme Court, Queens County, under indictment No. 2047/87. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about April 7, 1990, the respondent was assigned to represent another client in Criminal Court, Queens County, under docket No. 90Q012847. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about April 15, 1990, the respondent was assigned to represent another client in Supreme Court, Queens County, under indictment No. 2796/89. The respondent was relieved of that assignment as a result of his neglect of the matter.

On or about March 28, 1990, the respondent was assigned to represent another client in Criminal Court, Queens County, under docket No. 90Q010684. The respondent was relieved of that assignment as a result of his neglect of the matter.

As a result of the aforesaid pattern of neglect of legal matters entrusted to him, the respondent was removed from the Assigned Counsel Plan's panel of eligible attorneys on November 16, 1990.

Charge Thirteen alleged that the respondent improperly abandoned his law office and the practice of law and thereby prejudiced the interests of his clients. In or about September 1984, the respondent and Edward Lopez, Esq. formed a partnership to practice law with an office in Queens. The partnership dissolved in January 1986 and the respondent continued to practice law from the same address.

In or about March 1991 the respondent closed his law office and continued to practice law from his home address. The respondent failed to notify his clients that he had moved. He also failed to notify the Office of Court Administration that he had changed his business address. Furthermore, the respondent failed to advise the courts in which his clients had matters pending that he had changed his business address. In or about June 1991 the respondent, without notice to his clients, abandoned his law practice. The respondent failed to take any steps to preserve and protect the legal rights and interests of his clients.

After reviewing the testimony adduced, the documentary evidence and the respondent's admissions, we conclude that the Special Referee properly sustained Charges One through Eight, as amended, Charges Ten and Twelve, as amended, and Charge Thirteen. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's prior disciplinary history, which includes a censure imposed by this Court on November 27, 1989, after a disciplinary proceeding in which charges of professional misconduct involving conversion and failure to oversee the records maintained by his law firm for its escrow account were sustained *(see,*

*Matter of Cardoso,* 152 AD2d 157). The Grievance Committee issued an Admonition to the respondent, dated May 17, 1990, as a result of a complaint from a client in an uncontested matrimonial matter, and, on April 10, 1987, dismissed a *sua sponte* complaint against the respondent with the advisement that, in the future, he maintain his registration with the Office of Court Administration according to law. In view of the egregious pattern of neglect which the petitioner established in the instant proceeding and the respondent's brazen disregard of the Grievance Committee, he is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, J. Edward Cardoso, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, J. Edward Cardoso is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.