[747 NYS2d 113]

In the Matter of MICHAEL SCOTT FELMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 16, 2002

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Flamhaft, Levy, Kamins & Hirsch,* Brooklyn (*Harold L. Levy* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 34 charges of professional misconduct. He fully admitted Charges 22 and 32 and fully denied Charge 26. He contended that, due to mitigating circumstances, he was not guilty of the remaining charges, but admitted the factual allegations contained therein.

At the hearing, the respondent orally amended his answer to fully controvert Charges 23, 24, and 25. The petitioner subsequently conceded that Charges 23, 24, and 26 could not be proven by a fair preponderance of the credible evidence. The Special Referee sustained all of the charges except Charges 23, 24, and 26. The petitioner now moves to confirm the report of the Special Referee. The respondent cross-moves to confirm in part, and disaffirm in part, the Special Referee's report and to limit the sanction imposed to a period of suspension.

Charges 1 through 25 concerned the Felman & Berson IOLA account at Citibank. They alleged that the respondent was a signatory and/or operator of that account from January 11, 1994, through January 14, 1997.

Charges 1 through 21 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by causing or permitting the conversion of funds from his IOLA trust account, in breach of his fiduciary duties.

Charge 22 alleged that the respondent failed to properly identify the Felman & Berson IOLA account as an *attorney* trust, special, or escrow account, in violation of Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]).

Charge 25 alleged that the respondent engaged in commingling and/or other conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), by failing to timely remove from his IOLA account funds recovered and due to his law firm, in breach of his fiduciary duties.

Charges 27 through 34 concerned the Michael S. Felman IOLA account at Citibank. They alleged that the respondent

was the sole signatory and operator of that account from July 23, 1996, through January 22, 1997.

Charge 27 alleged that the respondent inappropriately advanced or guaranteed financial assistance to a client and/or engaged in other conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 5-103 (b) (22 NYCRR 1200.22 [b]) and/or DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by advancing clients settlement funds in anticipation of and prior to their actual receipt, in breach of his fiduciary duties.

Charge 28, 29, 30, and 31 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by causing or permitting the conversion of funds from his IOLA trust account, in breach of his fiduciary duties.

Charge 32 alleged that the respondent failed to properly identify the Michael S. Felman IOLA account as an *attorney* trust, special, or escrow account, in violation of Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]).

Charge 33 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by causing or permitting the conversion of funds from his IOLA trust account in breach of his fiduciary duties.

Charge 34 alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by releasing funds that he was holding as a fiduciary to a party other than the one entitled to received such funds, without appropriate authorization, in breach of his fiduciary duties.

Based on the evidence adduced at the hearing, including the respondent's admissions, the Special Referee properly sustained all of the charges except 23, 24, and 26.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that his errors were errors of omission, rather than commission. While he concededly failed to supervise or monitor the escrow account maintained by his former law firm, his misconduct was not venal in nature and no client suffered a loss as a result thereof.

He was a junior partner who allowed a more experienced, senior partner to maintain the escrow account. He has already been suspended from the practice of law for more than four years for unrelated misconduct. The misconduct underlying the instant proceeding was not committed while he was under a suspension, but preceded his suspension.

The respondent's prior disciplinary history consists of two letters of caution, both of which were issued in 1992, for failing to supervise his nonattorney employees, and a two-year suspension for his conviction of a serious crime, that is, the sharing of compensation by attorneys, a misdemeanor, prohibited by Judiciary Law § 491. The respondent's conviction was based on his sharing fees with a nonlawyer, while a partner at Felman & Berson, to induce the nonlawyer to refer individuals to him as clients.

The respondent's contentions to the contrary notwithstanding, his misconduct is not based solely on his failure to supervise the escrow account maintained by his former law firm. The respondent engaged in similar misconduct while maintaining his own escrow account. He is guilty of serious professional misconduct, which combined with his prior disciplinary history, warrants his disbarment.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FEUERSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted insofar as Charges 23, 24, and 26 are not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Scott Felman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Scott Felman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3)

giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.