[904 NYS2d 696]

In the Matter of TARA ANNE LAUDONIO (Admitted as TARA A. PUTERBAUGH), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 11, 2010

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Neal S. Comer,* White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated April 30, 2007, containing five charges of professional misconduct. The charges against a co-respondent, Robert V. Fonte, are substantively identical, and a joint hearing was conducted before Special Referee Steven C. Krane on November 6, 2008.

The Special Referee sustained all five charges against the respondent and Fonte. The Grievance Committee now moves to confirm the report of the Special Referee with respect to the respondent, and to impose such discipline as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report on the ground that the findings are not supported by the record or, in the alternative, to impose a sanction no more severe than public censure should the Court confirm the Special Referee's report.

Charge one alleges that the respondent was guilty of a breach of fiduciary duty and a failure to safeguard and ensure the transactional integrity of funds entrusted to her, incident to her practice of law in her attorney special accounts, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

The respondent was a partner in Bellettieri, Fonte and Laudonio (hereinafter BF&L) from April 2004 to November 17, 2006.

BF&L engaged almost exclusively in a transactional real estate practice, representing buyers, sellers, and lenders at residential and commercial real estate closings. From sometime on or before the date of its inception, BF&L maintained one or more attorney special accounts at JP Morgan Chase Bank. All of the named partners as well as Peter Dengler, an associate,

were fully authorized signatories on one or more of those attorney special accounts at all times between March 1, 2005 and November 17, 2006.

Beginning in or about March 2005 and continuing through November 2006, partner Anthony Bellettieri engaged in a pattern of dishonest and fraudulent manipulation of BF&L's attorney special accounts which resulted in the misappropriation, larceny, and/or conversion of more than $17 million from those accounts. The respondent failed to make an adequate effort to review or supervise the operations of those accounts during this period and failed to discover Bellettieri's fraud and larceny at a time when it could have been either mitigated or prevented.

Charge two alleges that the respondent failed to promptly pay or deliver funds, which were placed in her possession by clients for disbursement to third parties, to the clients or to third parties entitled to receive them, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]), based on the factual specifications of charge one. The respondent's failure to discover Bellettieri's escrow fund theft resulted in the dishonorment of numerous checks issued from BF&L's attorney special accounts.

As a result of the aforementioned larceny and fraud and the respondent's failure to timely prevent or mitigate same, more than $3 million in checks issued between approximately October 1, 2006 and November 17, 2006, on one or more of BF&L's attorney special accounts, were dishonored by the bank when presented for payment.

Charge three alleges that the respondent failed to make reasonable efforts to adequately supervise Bellettieri's work and to ensure that all lawyers in BF&L were conforming to the disciplinary rules, in violation of Code of Professional Responsibility DR 1-104 (a)-(c) and (d) (2) (22 NYCRR 1200.5 [a]-[c], [d] [2]) by failing to adequately oversee the transactional activity of one or more of BF&L's special accounts, based on the factual specifications of charges one and two.

Charge four alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to timely respond to the lawful demand for her written response to one or more complaints of professional misconduct, based on the factual specifications of charges one and two.

The foregoing conduct produced more than 30 grievance filings against the respondent, which the Grievance Committee opened for investigation. In each instance, the respondent was asked to provide a written response to the allegations contained therein, along with a completed background questionnaire, within 10 days. The respondent submitted a written response to approximately 17 of those matters. In addition, the Grievance Committee requested additional information from the respondent at her examination under oath, which information was to be provided postappearance. Notwithstanding several extensions of the return dates for the submission of the remaining responses owed to the Grievance Committee, as well as the additional information requested, the last of which expired on March 30, 2007, the respondent failed to submit timely answers to those inquiries.

Charge five alleges that the respondent engaged in other conduct that adversely reflects upon her fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to adequately oversee the transactional activity of one or more of BF&L's attorney special accounts and/or to cooperate with the Grievance Committee's investigation into those allegations, based on the factual specifications of all of the aforesaid charges.

Based on the evidence adduced, the Special Referee properly sustained all five charges against the respondent. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report with respect to the respondent is granted, and her cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, the Grievance Committee has expressed strong disagreement with the Special Referee's conclusion and the respondent's contention that she was a victim of Bellettieri's fraudulent scheme. The respondent's position is that Bellettieri acted alone, without her knowledge, and that he acted to hide his misconduct from her. She submits that had she been able to obtain Bellettieri's testimony at the hearing, the extent of the obstruction he created to prevent her from finding out what he was doing would be revealed. The division of labor at BF&L was such that the respondent and Fonte attended closings, while Bellettieri ran the office, particularly the escrow accounts. The respondent issued checks at closings only after confirming that the requisite funds were in BF&L's escrow account. She maintains that she had no reason to suspect criminal behavior

on the part of Bellettieri, who was the firm's founder and "a pillar of the community." Moreover, the high volume of transactions engaged in on a daily and weekly basis, together with the onerous schedule of closings the respondent was required to attend, would have made it a practical impossibility for her to reconcile the firm's accounts while continuing to meet her duties to clients.

The Special Referee found the respondent culpable to a lesser extent than Fonte. In addition to having less experience and less time with the firm, the record supports her role as more of a limited partner. She has no prior disciplinary history.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, FISHER and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's motion to disaffirm or, in the alternative, to impose a sanction no more severe than a public censure, is denied; and it is further,

Ordered that the respondent, Tara Anne Laudonio, admitted as Tara A. Puterbaugh, is suspended from the practice of law for a period of six months, commencing June 10, 2010, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement by motion to this Court with a return date not more than one month prior to the expiration of the period of suspension, upon furnishing satisfactory proof that during said period she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Tara Anne Laudonio, admitted as Tara A. Puterbaugh, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself

out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Tara Anne Laudonio, admitted as Tara A. Puterbaugh, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).