OPINION OF THE COURT
Per Curiam.
Upon review of whether the two-year suspension previously imposed remains an appropriate sanction in light of the Court of Appeals’s opinion and order dated October 23, 2012, we conclude that the sanction remains appropriate. The modification of this Court’s opinion and order dated February 21, 2012, dismissing charge five of the petition, which charge alleged that the respondent failed to comply with the lawful demands of the Grievance Committee, does not warrant a change in the sanction imposed.
In determining an appropriate measure of discipline to impose, this Court considered all of the mitigation proffered by the respondent including, but not limited to, the absence of venality; the lengths to which the respondent went to bring his brother to justice; the expense the respondent has borne seeking recovery for his clients’ losses; and the substantial evidence of the respondent’s good character.
Whether, and to what extent, attorneys are subject to discipline under circumstances where a defalcation was occasioned by someone other than the attorney within the attorney’s firm, depends on a number of factors: (1) the subject attorney’s partnership status and/or level of experience; (2) the presence (or absence) of “early warning signs” of financial improprieties, whether such signs were ignored and, if so, for how long; (3) whether the proper authorities were notified of defalcations upon their discovery; (4) the presence (or absence) of monetary loss to clients and the magnitude thereof; and (5) whether the attorney attempted to reimburse client losses caused by another (see e.g. Matter of Dahowski, 103 AD2d 354 [1984]; Matter of Cardoso, 152 AD2d 157 [1989]; Matter of Forman, 250 AD2d 116 [1998]; Matter of Ponzini, 259 AD2d 142 [1999], mod 268 AD2d 478 [2000]; Matter of Felman, 299 AD2d 15 [2002]; Matter of Fonte, 75 AD3d 199 [2010]; Matter of Laudonio, 75 AD3d 144 [2010]; see also Matter of Jones, 100 AD3d 57 [2012]). The foregoing factors were all considered in this matter, particularly the presence of “warning signs” and “red flags”; the extent of the clients’ monetary losses; and the fact that there has been no reimbursement of the client losses caused by the respondent’s brother.
*106 The cases proffered by the respondent in support of his argument that he should be, at most, publicly censured, are inapposite. Unlike those cases, the respondent herein was charged with having been unjustly enriched by the use of clients’ funds for his personal benefit, and that charge was sustained.
The most fundamental obligation of attorneys entrusted with client funds is the duty to safeguard those funds. As the Court of Appeals stated, that duty, if no other, is “crystal clear” and “ ‘a reasonable attorney, familiar with the Code and its ethical strictures, would have notice of what conduct is proscribed’ ” Matter of Galasso, 19 NY3d 688, 694 [2012], quoting Matter of Holtzman, 78 NY2d 184, 191 [1991]). We reiterate that the respondent failed to maintain appropriate vigilance over his firm’s bank accounts, resulting in actual and substantial harm to clients.
Eng, P.J., Mastro, Rivera, Dillon and Angiolillo, JJ., concur.
Upon remittitur, it is
Ordered that the sanction of a two-year suspension imposed by this Court in the opinion and order dated February 21, 2012 is adhered to; and it is further,
Ordered that the suspension from the practice of law of the respondent, Peter J. Galasso, admitted as Peter John Galasso, shall commence on March 5, 2013, and shall continue until further order of this Court. The respondent shall not apply for reinstatement earlier than September 5, 2014. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Peter J. Galasso, admitted as Peter John Galasso, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application, or *107 any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Peter J. Galasso, admitted as Peter John Galasso, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).