Matter of Lubliner (2025 NY Slip Op 05892)

Matter of Lubliner

2025 NY Slip Op 05892

Decided on October 23, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Saliann Scarpulla
Justice Presiding

Motion No. 2025-04323|Case No. 2025-04857|

[*1]In the Matter of Richard S. Lubliner an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Richard S. Lubliner (OCA Atty Reg. 4162053), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Richard S. Lubliner, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on August 7, 2003.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner
Thomas J. Foley for respondent.

Per Curiam 

Respondent Richard S. Lubliner was admitted to the practice of law in the State of New York by the First Judicial Department on August 7, 2003. Respondent has also been a member of the Florida Bar since 2007 and maintains a registered address in Florida.
By order dated December 24, 2019, the Supreme Court of Florida publicly reprimanded respondent for professional misconduct. The misconduct which formed the basis for the public reprimand stemmed from respondent's failure to properly supervise his now former law firm's non-attorney bookkeeper.
In July 2015, respondent joined with attorney Blanca Perper Greenstein as a law partner in a firm that became known as Greenstein & Lubliner. In February 2016, Ms. Greenstein hired a bookkeeper based on the recommendation of her then-husband Alan Greenstein, the firm's CFO. At the time of hiring, Mr. Greenstein, who had a prior working relationship with the bookkeeper, told respondent that a background check had been conducted for the bookkeeper and that it came back "squeaky clean." Ms. Greenstein was present when Mr. Greenstein shared this with respondent and remained silent. In actuality, no background check was ever conducted and Ms. Greenstein later learned that the bookkeeper had a prior criminal record.
Respondent's partner Ms. Greenstein supervised the firm's accounting department. Respondent, who managed and supervised the litigation department, was not involved in the oversight of the firm's attorney trust account(s), nor was he a signatory on the account(s). Respondent relied upon Ms. Greenstein to ensure that the law firm's trust account(s) were in substantial compliance with the Rules Regulating Trust Accounts. In 2017, Ms. Greenstein discovered that the bookkeeper stole approximately $146,000 from the firm's trust account.
On July 6, 2017, after the thefts had been discovered by Ms. Greenstein, respondent became a 50/50 partner in the firm.[FN1] Following the discovery of the thefts, all clients were repaid. Ms. Greenstein reported the bookkeeper to law enforcement and she and respondent self-reported the matter to the Florida Bar.
Respondent admitted that the above-described conduct violated rule 4-5.3(b)(1) of the Rules Regulating The Florida Bar.[FN2] And, on December 24, 2019, the Supreme Court of Florida approved the conditional guilty plea for consent judgment and publicly reprimanded respondent.
On January 9, 2025, respondent's counsel sent a letter to the AGC notifying it of respondent's Florida discipline and stating that respondent did not report it earlier because he was unaware of New York's reporting requirement.
By motion dated August 7, 2025, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in Florida, publicly censuring him, or, in the alternative, sanctioning respondent as the Court deems just and proper under the circumstances. Respondent does not oppose.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunityto be heard in the foreign jurisdiction constituting a deprivation of due process; (2) aninfirmity of proof establishing the misconduct; or (3) that the misconduct for which theattorney was disciplined in the foreign jurisdiction does not constitute misconduct inthis state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
None of the enumerated defenses to reciprocal discipline are applicable here.First, respondent received notice of the allegations against him. Second, respondent, represented by counsel, admitted to the Florida allegations and consented to the discipline imposed. Third, respondent's misconduct in Florida also constitutes misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rule 5.3(a). ("A law firm shall ensure that the work of nonlawyers who work for the firm is adequately supervised, as appropriate. A lawyer with direct supervisory authority over a nonlawyer shall adequately supervise the work of the nonlawyer, as appropriate. In either case, the degree of supervision required is that which is reasonable under the circumstances, taking into account factors such as the experience of the person whose work is being supervised, the amount of work involved in a particular matter and the likelihood that ethical problems might arise in the course of working on the matter.")
Regarding the sanction, this Court generally defers to the sanctionimposed by the jurisdiction in which the charges were originally brought (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]). Here, public censure is the appropriate discipline as it is commensurate with both the public reprimand imposed in Florida and precedent (see e.g. Matter of Marshburn, 70 AD3d 231 [1st Dept 2009] [censure for, inter alia, failure to review or oversee bookkeeping records for law firm's IOLA account resulting in failure to discover and/or prevent the unauthorized invasion of client and/or third party funds by law partner]; Matter of Cardoso, 152 AD2d 157 [2d Dept 1989] [censure for, among other things, failure to review bookkeeping records and oversee law partner's handling of the firm's escrow account resulting in failure to timely detect law partner's commingling and conversion of funds]).
Accordingly, the AGC's motion should be granted and respondent publicly censured.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Florida, is granted, and respondent, Richard S. Lubliner, is publicly censured.
Entered: October 23, 2025

Footnotes

Footnote 1: Respondent left the firm a few months after the theft's discovery.

Footnote 2: Florida Bar rule 4-5.3(b)(1) states that "[w]ith respect to a nonlawyer employed or retained by or associated with a lawyer or an authorized business entity a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, must make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer."